

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50324 | DATE | 8/23/2004 |
| CASE TITLE | | TASSONI vs. PARIS, et al | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 4 2004 date docketed | 12 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | AUG 2 4 2004 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Luke Tassoni, a minor, by his next friend, Rick Tassoni, brings this action for injunctive and other relief against defendants, Board of Education of Rockford School District No. 205 ("Board"), the individual members of the school board, namely, Michael Williams, Karol Hammond, Alice Saudargas, Nancy Kalchbrenner, Robert Evans, Jay A. Nellis, and David Kelley, and the principal of Rockford East High School ("East"), Peter Paris. Plaintiff alleges defendants deprived him of "his protected property right to an education" and "infringed on his liberty interest by imposing a stigma upon him and damaging his good name and reputation without due process of law", in violation the Fourteenth Amendment to the U.S. Constitution. The event giving rise to the claim is Board's expulsion of plaintiff from school. The action is brought pursuant to 42 U.S.C. § 1983. Defendants move to dismiss for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12 (b) (6). Although defendant's tendered a proposed agreed statement of facts, plaintiff did not agree to the proposed statement so the court takes the facts from plaintiff's complaint and all reasonable inferences are drawn in plaintiff's favor on this motion to dismiss.

Plaintiff was a student at East. On April 1, 2004, he rode to school with Alex, a fellow student, in Alex's car. Plaintiff stored his plastic BB gun (which shoots plastic BBs) in Alex's vehicle on that date. Alex parked his car on 28th Street, a public street adjacent to East. The vehicle was never on the school's property. On April 1, 2004, plaintiff was questioned in the principal's office about an incident that had taken place on the previous day involving a BB gun owned by Alex and used by Alex the previous day. Plaintiff was a witness to this incident. After questioning plaintiff, Alex's car was searched and three BB guns were found; one belonging to plaintiff and the other two to Alex. Plaintiff was immediately suspended for use/possession of a weapon on school grounds and recommended for expulsion to Board. On May 7, 2004, plaintiff attended a meeting with Board's hearing officer for a determination whether plaintiff should be expelled for the March 31, 2004, incident (to which he was a witness not the operator of the BB gun.) On May 14, 2004, plaintiff met with Board's hearing officer concerning the April 1, 2004, use/possession incident. Plaintiff explained at that meeting that he did not bring the BB gun onto school grounds on April 1, 2004. On May 25, 2004, Board expelled plaintiff (though not specified in the complaint a reading of the complaint and plaintiff's argument shows the expulsion was for the April1 incident) in accordance with 105 ILCS 5/10-22.6 (d) which states that a "student who is determined to have brought a weapon [later defined, in part, to include a look alike] to school, any school-sponsored activity or event, or any activity or event which bears a reasonable relationship to the school shall be expelled for a period of not less than one year, except that the expulsion period may be modified by the superintendent, and the superintendent's determination may be modified by the board on a case by case basis." (Emphasis added). The Board's discipline code (which is consistent with the statute) provides "possession of a weapon is prohibited on School District premises, school buses, or any other premises where an official school function is being conducted. Possession is defined to include, but not be limited to, having a weapon found: in a space assigned to a student such as a locker or desk, on the student's person or property (on the student's body, in student clothing, in an automobile) under the student's control; or having a weapon accessible or available, for example, hidden on school property."

Plaintiff raises a substantive due process argument that his expulsion on the above stated facts is not rationally related to any legitimate government purpose. Because there is no fundamental right to a public education, see Dunn v. Fairfield Cmty. High Sch. Dist. No. 225, 158 F.3d 962, 966 (7th Cir. 1998), the expulsion will stand unless it was wholly arbitrary. Id. This is a tough standard to meet and plaintiff has not done so. The Board has a policy which prohibits students from having a weapon accessible or available. The Board interpreted this policy to prohibit plaintiff from having his BB gun in Alex's car adjacent to school property. It was discovered when Alex's car was searched because of an incident the previous day involving a BB gun being "operated" by Alex. Determining that a BB gun in a car adjacent to the school was accessible or available to a student (possibly to be "operated" to shoot at other students passing by while leaving school), and thus a violation of the discipline code, is not wholly arbitrary. It is rationally related to the Board's legitimate interest in protecting students and teachers.

Plaintiff argues this approach is not rational because it would allow the expulsion of a student who lived across the street from a school if he had a BB gun in his house, because the gun would be accessible or available to the student. This is not that case as this is also not the case where the BB gun has been set down by a student on the hood of a car parked adjacent to school property just before stepping on to school property with the student standing next to the vehicle with the gun lying within easy reach. This case lies between these extremes and it was not wholly arbitrary for the Board to expel plaintiff based on the facts set out in the complaint. The Board could rationally conclude that the BB gun in the car adjacent to the school was accessible to plaintiff and posed a danger to students and teachers such that expulsion was an appropriate disciplinary action.

The cases cited by plaintiff in support of his position are not controlling nor are they persuasive. In Seal v. Morgan, 229 F.3d 567 (6th Cir. 2000), the court ruled an expulsion for weapons possession where the student did not knowingly possess the weapon (a friend's knife was found in the plaintiff's car and plaintiff did not know it was there when he drove to a school) was not rationally related to any legitimate state interest. Id. at 575. Here plaintiff owned the BB gun and knew it was in the vehicle. Washington v. Smith, 618 N.E.2d 561 (Ill. App. 1993) is a state law certiorari case reviewing a decision to expel for weapons possession. The standard of review was whether the decision to expel was against the manifest weight of the evidence. Id. at 563. Washington is not a substantive due process case. Plaintiff, apparently, did not pursue any state court remedy for the expulsion. Washington is inapposite. Galveston Indep. Sch. Dist. v. Boothe, 590 S.W.2d 553 (Tex. App. 1979) is another state case. It involves a student expelled for possessing marijuana in a vehicle adjacent to the school campus. The decision primarily rested on the court's conclusion that the school's policy only prohibited possession of marijuana "in the schools" which it concluded meant "on campus" not adjacent to campus and that no violation of school policy had occurred. The case is distinguishable in that here the policy prohibited a weapon being accessible and that policy, and its application to the facts alleged in the complaint, is rationally related to a legitimate government interest.

Defendants' motion to dismiss is granted. This case is dismissed in its entirety with prejudice.